1    WO

2

3                              **NOT FOR PUBLICATION**

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Marvin Sapiro and Gloria Sapiro, his wife,)    No. CV-03-1555-PHX-SRB
                                               )
10            Plaintiffs,                       )
                                               )   **ORDER**
11   vs.                                        )
                                               )
12                                              )
     Sunstone   Hotel   Investors,   L.L.C.,)
13   Sunstone Hotel Investors, L.P.,           )
                                               )
14            Defendants.                       )
     _____      )
15                                              )
     Gilbert  Sudbeck  and  Lynn  Sudbeck,)      No. CV-04-1535-PHX-JWS
16   husband and wife,                         )
                                               )
17            Plaintiffs,                       )
                                               )
18   vs.                                        )
                                               )
19   Sunstone Hotel Properties, Inc.; Sunstone)
     Hotels Investors, LLC; Sunstone Hotel)
20   Investors,  L.P.;  SMP  II  Limited)
     Partnership; Jeffery Hammermeister, and)
21   Jone Doe Hammermeister, husband and)
     wife; Diversified Engineering, Inc.; John)
22   and Jane Doe I-X, husbands and wives;)
     Black  Corporations,  I-X;  White)
23   Partnerships, I-X,                         )
                                               )
24            Defendants.                       )
                                               )
25   _____      )

26          Pending before the Court is Plaintiffs' Marvin and Gloria Sapiro's Motion to

27   Consolidate *Sapiro v. Sunstone, L.L.C.*, No. CV-03-1555-PHX-SRB and *Sudbeck v. Sunstone*

28

1   *Hotel Properties, Inc.,* No. CV-04-1535-PHX-JWS (Doc. 122, 123)[1].  The Court now rules

2   on the motion.

3   **I.     BACKGROUND**

4           Marvin Sapiro and Gilbert Sudbeck allege that they contracted Legionnaires' Disease

5   after staying at the Sheraton San Marcos Gold Resort ("resort") in Chandler, Arizona.

6   Sudbeck stayed at the resort from June 24-27, 2002, and Sapiro stayed at the resort from

7   February 6-11, 2003.  Both were diagnosed with Legionnaires' Disease after they returned

8   to their respective homes in South Dakota and Florida.  Sudbeck and Sapiro filed separate

9   lawsuits claiming in each that Defendants negligently maintained the resort, which allowed

10  the pathogen associated with Legionnaires' Disease to propagate and infect them during their

11  respective stays at the resort.

12          Plaintiffs filed the instant motion to consolidate *Sapiro v. Sunstone Hotel Investors,*

13  *L.L.C., and Sunstone Hotel Investors, L.P.,* CV-03-1555-PHX-SRB and *Sudbeck v. Sunstone*

14  *Hotel Properties, Inc.,* CV-04-1535-PHX-JWS.  Defendants oppose the motion.

15  **II.    LEGAL STANDARDS AND ANALYSIS**

16          Federal Rule of Civil Procedure 42(a) provides:

17                  When actions involving a common question of law or fact are

18                  pending before the court, it may order a joint hearing or trial of

19                  any or all of the matters in issue in the actions;  it may order all

20                  the  actions  consolidated;   and  it  may  make  such  orders

21                  concerning  proceedings  therein  as  may  tend  to  avoid

22                  unnecessary costs or delay.

23          Rule 42 permits consolidation of separate actions presenting a common issue of law

24  or fact as a matter of convenience and economy in judicial administration. *See, e.g., Devlin*

25  *v. Transp. Communications Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999); *Enter. Bank  v.*

26  *Saettele,* 21 F.3d 233, 235 (8th Cir. 1994).  However, the fact that a common question is

27  _____

28          [1]Doc. 123 is a duplicate of Doc. 122 and was docketed in error.

1   present does not guarantee consolidation. *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444
2   (D.N.J. 1998).   The district court has broad discretion to decide whether consolidation is
3   desirable. *See, e.g., Enter. Bank*, 21 F.3d at 235; *In re Consol. Parlodel Litig.*, 182 F.R.D.
4   at 444.   In determining whether consolidation is appropriate, a court "must balance the
5   interest of judicial convenience against the potential for delay, confusion and prejudice that
6   may result from such consolidation." *Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 532
7   (S.D.N.Y. 1987) (citing *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1362 (2d Cir. 1975)).
8   Factors such as differing trial dates or stages of discovery usually weigh against
9   consolidation.  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
10  2383 (1995). Furthermore, "the trial judge should be most cautious not to abuse his judicial
11  discretion and to make sure that the rights of the parties are not prejudiced by the order of
12  consolidation under the facts and circumstances of the particular case." *Dupont v. S. Pac.*
13  *Co.*, 366 F.2d 193, 196 (5th Cir. 1966). Conversely, "the risk of inconsistent adjudications
14  of common factual and legal issues" generally weighs in favor of consolidation. *Malcolm*
15  *v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citations omitted).   However,
16  "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair
17  and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (citation
18  omitted).

19          The moving party bears the burden of proof on a motion for consolidation. *See, e.g.,*
20  *In Re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993); *In re Consol. Parlodel*
21  *Litig.*, 182 F.R.D. at 444.  Here, Plaintiffs argue that consolidation is appropriate because
22  "[b]oth actions arise out of the same circumstances: Mr. Sudbeck and Mr. Sapiro were guests
23  of the same hotel, within approximately eight months of each other, and both fell ill with
24  Legionnaires' Disease shortly following their stays." (Pls.' Mot. to Consol. at 2.)   Plaintiffs
25  argue that the resources saved by consolidating these cases outweighs any confusion, delay,
26  expense, inconvenience or prejudicial effect caused by granting Plaintiffs' motion.   The
27  Sudbecks support this motion to consolidate and argue that it is appropriate to consolidate
28  the two cases because Sudbeck and Sapiro "allege they sustained bodily injuries as a result

1  of contracting Legionnaires['] Disease while guests at the hotel property in question." (Pls.'
2  Mot. to Consol. at 1; Shannon Aff. ¶ 3.)

3         Defendants argue that consolidation would prejudice them because factual confusion
4  will occur.  In particular, Defendants argue that "[c]onsolidation of these two isolated cases
5  would only permit the improper inference that because two people suffered a similar injury
6  at the same location, the property was negligent in its operations." (Defs.' Resp. in Opp'n to
7  Pls.' Mot. to Consolidate at 5.)  The Court agrees that consolidation could lead to improper
8  inferences in this case.  If Sudbeck and Sapiro had stayed at the hotel at the same time or
9  even within a few weeks of each other, then consolidation would be more appropriate.  In
10 this case, however, the passage of eight months leaves too much time for the possibility that
11 separate, intervening events led to Sapiro and Sudbeck contracting Legionnaires' Disease.

12        Plaintiffs argue that Defendants "make[] much of the eight months that separate the
13 onset of Messrs. Sapiro and Sudbeck's infections, as if this passage of time sufficed to
14 destroy all common questions of fact." (Pls.' Reply in Supp. of Mot. to Consolidate at 2.)
15 For support, Plaintiffs cite to a Second Circuit opinion that affirmed the consolidation of two
16 asbestos injury cases in which the plaintiffs were allegedly exposed to asbestos at the same
17 worksite but during different time periods; one plaintiff was exposed between 1942-1945 and
18 the other was exposed from 1946-1966.  *See Johnson*, 899 F.2d at 1285.  In *Johnson*, the
19 court permitted consolidation because the two cases shared numerous characteristics
20 including a "common worksite" and a "similar occupation to the extent that both workers
21 were exposed to asbestos in a bystander capacity (they worked in trades that did not involve
22 direct handling of asbestos products)." *Id.*  Thus, each plaintiff was exposed to asbestos at
23 the same worksite over a period of at least three years, albeit at different time periods.

24        In this case, Sudbeck was at Defendants' resort for three days in June 2002 and Sapiro
25 stayed at the resort during five days in February 2003.  The only factual commonalities here
26 are that Sapiro and Sudbeck each stayed at the resort and, shortly after they returned to their
27 homes in Florida and South Dakota, were diagnosed with Legionnaires' Disease.  The case
28 before this Court does not involve workers at the same worksite exposed to the same

-4-

1  substance over a period of years. Thus, the Court chooses to exercise its discretion and deny
2  Plaintiffs' Motion to Consolidate.[2]

3      In addition, the concern about inconsistent verdicts is not significant here.  This
4  situation is different from an airplane crash where all passengers suffered a harm at the same
5  time and through the same mechanism. *See, e.g., In re Air Crash Disaster at Detroit Metro.*
6  *Airport on Aug. 16, 1987*, 737 F. Supp. 391, 392 (E.D. Mich. 1989) (consolidating all
7  pending cases arising out of the crash of Northwest Flight 255 on August 16, 1987). Because
8  Sudbeck's and Sapiro's stays at Defendants' resort occurred eight months apart, the Court
9  cannot say that each man was harmed in the same way.  Unlike a single airplane crash in
10 which multiple passengers were injured at the same time, it is more difficult to determine
11 how someone contracted a disease.  Therefore, it is not possible to say at this stage of
12 litigation that both Sapiro and Sudbeck contracted Legionnaires' Disease during their
13 separate stays at Defendants' resort.

14     The concern about inconsistent verdicts is also alleviated by the fact that different
15 verdicts might be warranted. If Sapiro can only recover on the basis that Defendants had
16 knowledge of the dangerous condition, it is possible that Sapiro could prevail in his lawsuit
17 but not Sudbeck, if the hotel only learned of the dangerous condition in the time between
18 their two respective stays.

19     Therefore, the Court denies the motion to consolidate because the judicial resources
20 potentially saved by consolidating the cases at this stage do not outweigh the  prejudice and
21 confusion that could be created.

22

23

24     [2]While consolidating these actions could prevent some duplication of efforts, these
25 savings would be minimal since most of the discovery has already been completed.
   Furthermore, having one trial rather than two would not necessarily save judicial resources
26 in this case because the resulting joint trial could be longer, more complicated and potentially
   more confusing to jurors. On balance, the resources saved by granting this consolidation do
27 not justify the resulting prejudice and potential for confusion.

28

1      **IT IS ORDERED** denying Plaintiffs' Motion to Consolidate (Doc. 122, 123.)

2

3          DATED this 4th day of April, 2006.

4

5

6

7                                              Susan R. Bolton
                                        United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 6 -