UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| GILBERT SUDBECK and LYNN SUDBECK, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | 2:04-cv-1535 JWS |
| vs. | ) ) | OPINION AND ORDER |
| SUNSTONE HOTEL PROPERTIES, INC.; SUNSTONE HOTEL INVESTORS, LLC; SUNSTONE HOTEL INVESTORS, L.P.; SMP II LIMITED PARTNERSHIP; JEFFERY HAMMERMEISTER and JANE DOE HAMMERMEISTER, husband and wife DIVERSIFIED ENGINEERING, INC; JOHN AND JANE DOE I-X, husbands and wives; BLACK CORPORATIONS I-X; and WHITE PARTNERSHIPS I-X, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | [Re:   Motions at dockets 65, 70, 75, and 80] |
| Defendants. | ) ) | |

## I. MOTIONS ADDRESSED

Defendants Sunstone Hotel Properties, Inc., Sunstone Hotel Investors, LLC, Sunstone Investors L.P., SMP II Limited Partnership, and Jeffrey and Jane Doe Hammermeister (collectively "Sunstone") moved for summary judgment on the issue of liability. Plaintiffs Gilbert and Lynn Sudbeck (collectively "Sudbeck") opposed the Sunstone motion and in their response cross-moved for summary judgment on the issues of causation and damages. Among other motions *in limine*, Sunstone filed a

motion at docket 65 to exclude statements, argument, references, testimony, or evidence introduced in another case filed in this court, *Sapiro v. Sunstone*, No. 2:03-cv-1555 SRB.

At docket 70, Sudbeck asked the court to withhold a ruling on the motion at docket 65 pending resolution of the motion to consolidate the case at bar with the *Sapiro* case.  At docket 75, Sunstone moved to strike Sudbeck's cross-motion for summary judgment as untimely.  At docket 80, in addition to opposing the motion to strike the cross-motion, Sudbeck moved to amend the scheduling order to permit late filing of the cross-motion.

This order decides the motions at dockets 65, 70, 75, and 80.  Oral argument would be of no assistance to the court in deciding these four motions.

## II.  BACKGROUND

This lawsuit was initially filed in the Arizona Superior Court, Maricopa County, and timely removed to this Court under 28 U.S.C. § 1441(a).  There is complete diversity between the parties, and the amount in controversy exceeds $75,000, so this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

The basic facts underlying this lawsuit are essentially undisputed.[1]  On June 24, 2002, Mr. Sudbeck, a resident of Pierre, South Dakota, checked in as a guest at the Sheraton San Marcos Golf Resort and Conference Center ("San Marcos Resort") in Chandler, Arizona.[2]  He checked out of the hotel on June 27, 2002, and returned to South Dakota.[3]  On July 3, 2002, Mr. Sudbeck drove to the Minneapolis Metropolitan Area to visit his son.[4]  While in Minnesota, Mr. Sudbeck stayed at a Clarion Inn in

---

[1] Except where otherwise specifically indicated, references to a party's statement of facts is to a fact that has been admitted or otherwise uncontroverted.

[2] Docket 57, Sunstone's Statement of Facts (hereinafter "SSOF"), ¶ 2.

[3] *Id.*

[4] SSOF, ¶ 3.

Bloomington, Minnesota.[5] On July 5, 2002, Mr. Sudbeck drove to his home in South Dakota.[6] While returning to South Dakota on July 5, 2002, Mr. Sudbeck felt ill.[7] On July 8, 2002, he was admitted to St. Mary's Hospital in Pierre, South Dakota, and was transferred to McKennan Hospital in Sioux Falls, South Dakota on July 10, 2002.[8] Mr. Sudbeck was ultimately diagnosed with Legionnaires' Disease.[9] In their Complaint, plaintiffs allege that Sunstone was negligent, thereby causing Mr. Sudbeck to be exposed to the *Legionella Pneumophilla* bacteria (Legionnaires' Disease) during his stay at the San Marcos Resort.

### III.  DISCUSSION

**A. Motions at Dockets 65 and 70**

Sunstone's motion at docket 65 seeks to bar the introduction of any statement, argument, reference, testimony or evidence from a different lawsuit, *Sapiro v. Sunstone*, 2:03-cv-01555-SRB, also pending in this court.[10] Sunstone claims that the introduction of such evidence is contrary to FED. R. EVID. 401, 402, and 403.[11] At docket 70

---

[5] *Id.*

[6] SSOF, ¶ 4.

[7] SSOF, ¶ 5.

[8] SSOF, ¶ 6.

[9] SSOF, ¶ 1.

[10] There is considerable overlap in the cases.  Both Sapiro and Sudbeck contend that they contracted Legionnaires' Disease while staying at Sunstone's San Marcos Golf Resort in Chandler, Arizona.  The difference being the time of the stay: for Sudbeck it was in June 2002; for Sapiro it was February 2003, some eight months later. The Court also notes that counsel for the parties in this case are also counsel for the respective counterparts in the *Sapiro* case.

[11]

> **Rule 401.  Definition of "Relevant Evidence."** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
>
> **Rule 402.  Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.** All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, by

(continued...)

Sudbeck, in addition to opposing the motion, requests that decision of the motion be deferred pending determination of the motion to consolidate filed in the *Sapiro* case. The motion to consolidate having been denied, the motion at docket 70 will be denied as moot.

Sunstone's motion at docket 65 is too broad. Even if, as Sunstone asserts, the two actions are unrelated, that does not necessarily make the evidence introduced in one inadmissible as irrelevant in the other. Unquestionably there will be statements, arguments, references, testimony, or evidence in the *Sapiro* case that will not be relevant or otherwise admissible in this case. On the other hand, it is equally true that there will be some arguments, statements, testimony, and other evidence introduced in the *Sapiro* case that could be relevant to deciding the issues in this case. What the court cannot do, on the record before it, is enter a blanket order precluding the introduction of everything from *Sapiro* in this case. Admissibility of testimony or other evidence offered in the *Sapiro* action that is also offered in this case will have to be assessed on the merits when the evidence is offered. The motion at docket 65 will be denied without prejudice to more focused evidentiary objections which may be raised later.

**B. Motions at Dockets 75 and 80**.

Sunstone asks the court to strike Sudbeck's cross-motion on the basis that it was untimely, *i.e.*, filed after the date set for filing dispositive motions in the Scheduling and Planning Order. At docket 80 Sudbeck, has countered by moving to amend the Scheduling and Planning Order. Although the Court has discretion to amend the

---

[11]/(...continued)
other rules prescribed by the Supreme Court pursuant to statutory authority.
Evidence that is not relevant is inadmissible

**Rule 403. Exclusion of Relevant Evidence on Ground of Prejudice, Confusion or Waste of Time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Scheduling and Planning Order, it may do so "only to prevent a manifest injustice."[12] On the other hand, because a court may, where appropriate, enter summary judgment in favor of a party *sua sponte*,[13] striking the cross-motion serves no useful purpose. The motion to strike at docket 75 will be denied, and the motion to permit the filing of the cross-motion at docket 80 will be denied as moot.

## VI.  CONCLUSION

For the preceding reasons:

1)  Sunstone's Motion in Limine re: *Sapiro v. Sunstone* at docket 65 is **DENIED**, without prejudice;

2)  Sudbeck's motion to hold in abeyance at docket 70 is **DENIED**, as moot;

3)  Sunstone's Motion to Strike Plaintiffs' Untimely Cross-Motion for Summary Judgment at docket 75 is **DENIED**; and

4)  Sudbeck's Motion to Amend to amend the Scheduling and Planning Order at docket 80 is **DENIED** as moot.

Dated at Anchorage, Alaska, this 25th day of July, 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[12] FED. R. CIV. P. 16(e).

[13] "[I]f one party moves for summary judgment and, at the hearing, it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party." *Cool Fuel, Inc. v. Connet*, 685 F.2d 309, 310 (9th Cir. 1982); *see also Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (no error in granting summary judgment *sua sponte* where the moving party had "a full and fair opportunity to ventilate the issues involved"); *Bird v. Glacier Elec. Co-Op, Inc.*, 255 F.3d 1136, 1152 (9th Cir. 2001) (reversing the district court and remanding with instructions to enter judgment in favor of the nonmoving party *sua sponte*); *Nevada VTN v. General Ins, Co. of America*, 834 F.2d 770, 776 (9th Cir. 1987) (same).